UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT L. MCGILLEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01386-MJD-JMS |
| | ) | |
| NANCY A. BERRYHILL Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Robert McGillem ("McGillem") applied for disability insurance benefits ("DIB") and/or supplemental security income ("SSI") from the Social Security Administration ("SSA") on May 20, 2013, alleging an onset date of May 26, 2011. [Dkt. 15-8 at 2; Dkt. 15-8 at 6.] His applications were initially denied on December 2, 2013, [Dkt. 15-7 at 6; Dkt. 15-7 at 15], and upon reconsideration on February 27, 2014, [Dkt. 15-7 at 26; Dkt. 15-7 at 33]. Administrative Law Judge John Henry Metz (the "ALJ") held a hearing on September 28, 2015. [Dkt. 15-5 at 34-74]. The ALJ issued a decision on October 14, 2015, concluding that McGillem was not entitled to receive DIB or SSI. [Dkt. 15-2 at 20.] The Appeals Council denied review on March 7, 2017. [Dkt. 15-2 at 2.] On May 2, 2017, McGillem timely filed this civil action, asking the Court to review the denial of benefits pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). [Dkt. 1.] For the reasons set forth below, the Commissioner's decision is **REVERSED AND REMANDED**.

# I.
## STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits … to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last … not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original).[1]

"If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform [his] own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(iv), (v). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. See *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

---

[1] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

# II.
## BACKGROUND

McGillem was 48 years old at the time he applied for DIB and/or SSI. [Dkt. 15-8 at 2.] He has completed his GED and previously worked as a custodian, line worker in a factory, receiving manager for a retail store, and as a store manager. [Dkt. 15-2 at 30.][2]

The ALJ followed the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that McGillem is not disabled. [Dkt. 15-2 at 36.] The ALJ found as follows:

- At Step One, the ALJ found that McGillem has not engaged in substantial gainful activity[3] since May 26, 2011, the alleged onset date. [Dkt. 15-2 at 25.]

- At Step Two, the ALJ found that McGillem has the following severe impairments: obstructive sleep apnea, depressive disorder, panic disorder with agoraphobia, a history of alcohol abuse, presbyopia, and hyperopia. [Dkt. 15-2 at 25.]

- At Step Three, the ALJ found that McGillem does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [Dkt. 15-2 at 26.]

- After Step Three but before Step Four, the ALJ found that McGillem has the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: He is not able to climb ladders, ropes or scaffolds. He should avoid unprotected heights and dangerous moving machinery. He is limited to work that involves performance of simple, repetitive tasks with simple work instructions and occasional interaction with coworkers, supervisors and the public." [Dkt. 15-2 at 29-30 (footnote omitted).]

- At Step Four, the ALJ concluded, after considering McGillem's age, education, work experience, and RFC and relying on the testimony of the vocational expert ("VE"), that McGillem is capable of performing his past relevant work as a small products assembler. [Dkt. 15-2 at 34.]

---

[2] Both parties provided a detailed description of McGillem's medical history and treatment in their briefs. [Dkt. 20; Dkt. 24.] Because that discussion implicates sensitive and otherwise confidential medical information concerning McGillem, the Court will simply incorporate those facts by reference and only detail specific facts as necessary to address the parties' arguments.

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

- Though the ALJ found that McGillem could perform his past relevant work, the ALJ proceeded to Step Five to determine, in the alternative, whether McGillem could perform other jobs that exist in substantial numbers in the national economy. The ALJ found that McGillem could work as a housekeeper/cleaner, mail room clerk, and laundry worker. [Dkt. 15-2 at 34-36.]

## III.
### DISCUSSION

McGillem makes two assertions of error regarding the ALJ's decision, that 1) the ALJ's RFC did not reflect all of McGillem's impairments, in particular fibromyalgia, irritable bowel syndrome, and migraines, and 2) the mental RFC assessed by the ALJ is not supported by substantial evidence or the relevant legal standards.

**A. Fibromyalgia, Irritable Bowel Syndrome, and Migraines**

McGillem argues generally that the ALJ ignored certain impairments that impact his RFC, specifically that the ALJ errantly dismissed his treating rheumatologists's diagnosis of fibromyalgia and did not consider the SSA's criteria for evaluating the condition, Social Security Ruling ("SSR") 12-2p, [Dkt. 20 at 23-24], did not even mention his irritable bowel syndrome, [Dkt. 20 at 26], and falsely concluded that the "record does not indicate that the claimant has complained of migraine headaches as a source of concern," [Dkt. 20 at 28 (quoting Dkt. 15-2 at 34)].

The ALJ's inconsistent treatment of the evidence of McGillem's fibromyalgia condition requires remand. "We have repeatedly held that although an ALJ does not need to discuss every piece of evidence in the record, the ALJ may not analyze only the evidence supporting [his] ultimate conclusion while ignoring the evidence that undermines it." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) (citing *Terry v. Astrue,* 580 F.3d 471, 477 (7th Cir.2009); *Myles v. Astrue,* 582 F.3d 672, 678 (7th Cir.2009); *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir.2012)). "The ALJ must confront the evidence that does not support [his] conclusion and explain why that

evidence was rejected." *Id.* (citing *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir.2004)). As in *Moore,* the "ALJ in this case presented only a skewed version of the evidence." *Id.*

In the context of finding that fibromyalgia was not a severe impairment, the ALJ goes so far as to conclude that McGillem does not even have the condition, explaining:

> The claimant now alleges that he is limited due to fibromyalgia. The records from the Veterans Administration indicate that the claimant called the triage line on August 13, 2014 and said that his lawyer had told him that he had symptoms of fibromyalgia and that he should obtain testing to establish the diagnosis (Ex. B13F, page 190). A rheumatologist examined the claimant on September 29, 2014. The physician indicated that the claimant said that he had been walking two miles a day. Physical examination revealed that the claimant had normal range of motion of the peripheral joints with no signs of swelling. He had normal motor strength and normal gait. There was no evidence of inflammatory arthritis or of an autoimmune connective tissue disorder. The physician prescribed gabapentin and suggested that the claimant engage in daily aerobic exercise (Ex. B13F, pages 83-86).
>
> A consultative physician examined the claimant on May 27, 2015. The physician indicated that the claimant stated that he would like disability for anxiety, panic attacks, antisocial behavior, depression, migraines, blurred vision and breathing problems. The claimant apparently did not mention fibromyalgia symptoms as a reason for inability to work and the physician did not include fibromyalgia as a diagnosis (Ex. B9F). Consequently, I conclude that the medical evidence does not establish that the claimant has fibromyalgia.

[Dkt. 15-2 at 26.][4] The ALJ specifically points out negative examination findings, but fails to note that the examiner found "[d]iffuse tenderness." [Dkt. 15-19 at 86 (See SSR 12-2p, 2012 WL 3104869 at *2-3 (July 25, 2012) (fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues"; one method of diagnosing fibromyalgia includes the presence of tender points)).] More importantly, the ALJ notes that the examiner's assessment included "[n]o evidence of inflammatory arthritis/autoimmune connective tissue disorders," but fails to mention that in the preceding sentence McGillem was diagnosed with "[s]oft tissue rheumatism/*fibromyalgia*: Likely

---

[4] The ALJ repeats the same analysis concerning fibromyalgia in explaining his RFC finding. [Dkt. 15-2 at 33-34.]

precipitated/aggravated by underlying mood disorder, sleep disorder and inadequately treated sleep apnea." [Dkt. 15-19 at 87 (emphasis added).] The ALJ's failure to even mention the diagnosis, which is directly in conflict with his conclusion that McGillem does not have the condition, gives the Court serious pause as to his treatment of the evidence. The ALJ does go on to note that a consultative examiner did not diagnose the condition and that it appears from visit history that McGillem did not call the examiner's attention to symptoms of the condition as a reason he was disabled. [Dkt. 15-16 at 86-88.] However, the consultative examiner is not a specialist, [Dkt. 15-16 at 84 (internal medicine)], did not appear to have access to any of McGillem's treatment records, was apparently not made aware of the condition by McGillem, and did not do any specific testing for the condition, [Dkt. 15-16 at 85-88 (though the examination did reveal decreased range of motion in the lower extremities and decreased muscle strength in the bilateral upper and lower extremities which was notably absent from the ALJ's discussion).] Whereas the examiner that diagnosed fibromyalgia appears to be a rheumatologist and reviewed his treatment history concerning relevant related issues of mood disorder, sleep disorder and irritable bowel syndrome. [Dkt. 15-19 at 84 (*see* SSR 12-2p, 2012 WL 3104869 at \*2-3 (referencing rheumatology as the appropriate specialty and the presence of "co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome" among the diagnostic criteria)).] At the very least, the ALJ was required to acknowledge the conflicting evidence present in the very same examinations he referenced. Here, the ALJ failed to even mention the conflict, let alone attempt to explain his conclusion. The ALJ's one sided discussion alone is enough to warrant remand under Seventh Circuit precedent.

However, the ALJ compounds his one-sided treatment of the evidence by failing to even discuss the relevant ruling used by SSA to evaluate the condition. *See* 20 C.F.R. § 402.35(b)(1) (Social Security Rulings "are binding on all component of the [SSA]"); *see also Thomas v. Colvin*, 826 F.3d 953, 958-59 (7th Cir. 2016) (finding error where the ALJ did not find fibromyalgia to be a severe impairment based on cited evidence that did not necessarily conflict with the diagnostic criteria for the condition in SSR 12-2p, which the ALJ had also not discussed). McGillem points to evidence of record that relates to the diagnostic criteria specified in the ruling, including widespread pain, depression, cognitive difficulty, fatigue, insomnia, anxiety and irritable bowel syndrome. [Dkt. 20 at 25.] Moreover, the rheumatologist that diagnosed fibromyalgia reviewed McGillem's history of his symptoms and efforts to rule out other contributing conditions by treating providers, [Dkt. 12-19 at 84], which would be relevant under the diagnostic criteria specified in the ruling, *see* SSR 12-2p, 2012 WL 3104869 at *2-3. On remand, SSA should make every effort to evaluate McGillem's complaints under the applicable ruling.[5]

The Court also finds the ALJ's complete lack of mention of irritable bowel syndrome noteworthy. As noted above, irritable bowel syndrome is a co-occurring condition often present along with fibromyalgia. Despite the Commissioner's arguments, the regulations require SSA to consider "only impairment(s) you say you have *or about which we receive evidence.*" 20 C.F.R. § 404.1512(a) (emphasis added). While the ALJ need not mention every piece of evidence in their decision, on remand SSA should consider the condition along with McGillem's complaints of fibromyalgia.

---

[5] Both the ALJ during the hearing and the Commissioner in her response brief misrepresent McGillem's testimony that his primary care physician did not believe in the condition, fibromyalgia, to mean that his doctor did not believe he had the condition. There is a distinction.

McGillem's point about his migraines is also well taken and the condition needs further evaluation on remand. As noted above, the ALJ was willing to discount his complaints of fibromyalgia, in part, because he failed to mention them to a consultative examiner. However, the ALJ limits his discussion of McGillem's migraines to the conclusion that the "record does not indicate that the claimant has complained of migraine headaches as a source of concern," [Dkt. 20 at 28 (quoting Dkt. 15-2 at 34).] However, in the very same consultative examination where McGillem neglected to mention fibromyalgia, he gave a detailed account of his migraine headaches. [Dkt. 15-16 at 86.] While not every inconsistency is actionable by this Court, the decision read as whole shows a pattern of unwillingness to confront conflicting evidence, which frustrates meaningful review. Remand is required to give full consideration to the conflicting evidence of record including McGillem's complaints of fibromyalgia specifically, as detailed above, as well as his irritable bowel syndrome and migraines.

**B. Mental Residual Functional Capacity**

Having found that McGillem's first assertion of error requires remand, the Court need not address his additional arguments about the mental RFC finding and declines to do so here. The ALJ's findings were based on the opinion of a medical expert that testified at the hearing based on the complete record. The ALJ's decision appears to at least minimally articulate his reasoning for adopting that opinion rather than other opinions of record. Recognizing that McGillem has different representation now, the counsel at the hearing failed to inquire into the basis of that opinion during cross-examination, which frustrates the Courts ability to provide meaningful review now. On remand, McGillem will be given the opportunity to develop his concerns and the regulations require that any future adjudication weigh the opinions of record and explain the rationale supporting those findings.

# IV.
## Conclusion

For the reasons detailed herein, the Court **VACATES** the ALJ's decision denying McGillem's benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C.§ 405(g) (sentence 4) as detailed above. Final Judgment will issue accordingly.

Dated: 1 FEB 2018

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov

Nicholas Thomas Lavella
KELLER & KELLER
nlavella@2keller.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

Matthew Frederick Richter
KELLER & KELLER LLP
mrichter@2keller.com

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com